**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KELLYTOY WORLDWIDE, INC. and., KELLYTOY (USA), INC., <br><br> Plaintiffs, <br><br> v. <br><br> TY INC. and DOES 1-10, <br><br> Defendants. | Civil Action No. 1:20-cv-00748 <br><br> Hon. Gary Feinerman <br><br> Magistrate Judge Susan E. Cox |

**APPENDIX B**

**TY INC. KELLYTOY (USA) INC. SETTLEMENT AGREEMENT**

## AGREEMENT

This Agreement is entered into this 24th day of November, 1999 by and between Kellytoy (USA), Inc. ("Kellytoy"), a California corporation, having its principal place of business at 4811 South Alameda Street, Los Angeles, California 90058 and Ty Inc. ("Ty"), a Delaware corporation, having its principal place of business at 280 Chestnut, Westmont, Illinois 60559.

WHEREAS, Kellytoy has filed application serial No. 75/117,146 for registration of the mark BEANPALS in International Class 28;

WHEREAS, Kellytoy has filed application serial No. 75/191,059 for registration of the mark THESE BABIES ARE HOT! ADOPT THEM ALL! ("THESE BABIES ARE HOT") in International Class 28;

WHEREAS, Kellytoy has filed application serial No. 75/225,897 for registration of the mark ITSY BITSY TEENY WEENY LITTLE MINI BEANPAL BABIES ("ITSY BITSY") in International Class 28;

WHEREAS, Kellytoy has filed application serial No. 75/304,245 for registration of the mark BEANY PETS in International Class 28;

WHEREAS, Kellytoy has filed application serial No. 75/410,901 for registration of the mark BENDY BABIES in International Class 28;

WHEREAS, Ty has registered the mark BEANIE BABIES, under Registration No. 2,049,196, in International Class 28;

WHEREAS, Ty has registered the mark THE BEANIE BABIES COLLECTION, under Registration No. 2,080,995, in International Class 28;

WHEREAS, Ty has filed application serial no. 75/316,377 for registration of the mark BEANIES in International Class 28 (the Ty marks referred to herein and above being collectively referred to as "Ty's BEANIE Marks");

WHEREAS, Ty has filed Opposition Nos. 105,741; 108,560; 111,282, 112,198 to said applications of Kellytoy for the marks BEANPALS, THESE BABIES ARE HOT! and ITSY BITSY, BENDY BABIES, respectively, based upon Ty's BEANIE marks;

WHEREAS, Ty has expressed its intention to oppose Kellytoy's intent to use application for registration of the BEANY PETS mark in International Class 28;

WHEREAS, Kellytoy has filed applications for numerous other marks containing, in part, variations of the terms "BEAN" and "BABY", set forth in greater detail in Appendix A to this Agreement, for goods in International Class 28 (all the marks identified in Appendix A shall be collectively referred to as "Kellytoy Marks");

WHEREAS, Ty has filed applications for numerous other marks containing the word "BEANIE" and "BABY", as set forth in greater detail in Appendix B to this Agreement, for goods in International Class 28 (all the marks identified in Appendix B shall be collectively referred to as "Ty Marks");

WHEREAS, the parties desire to resolve the foregoing controversy and to avoid a likelihood of confusion in the use of their respective marks;

WHEREAS, the parties are not aware of any actual confusion or mistake, or deception resulting from the concurrent use of their marks for three years, and believe that no likelihood of such confusion, mistake, or deception will arise in the future;

WHEREAS, based on their long and extensive experience in the toy industry, the parties are satisfied that there will not be a likelihood of confusion if they use their marks in accordance with the terms of this Agreement;

WHEREAS, the parties are of the opinion that there is no likelihood of confusion, mistake, or deception arising from the use of their respective marks for their respective goods for the following reasons:

    A.    The marks are specifically different.

    B.    The name "Kellytoy" is customarily and prominently used by Kellytoy on the goods, labels and packaging for the goods, and in the same literature and advertisements where Kellytoy Marks appear, whereas the name "Ty" is customarily and prominently used on the goods, labels and packaging for the goods, and in the same literature and advertisements where Ty Marks appear.

    C.    The Ty Marks appear in different literature, advertisements and advertising media than the Kellytoy Marks.

    D.    The Ty Marks are used on goods that are customarily sold in different and distinct stores, in different and distinct channels of trade and through different and distinct channels of distribution than the goods bearing the Kellytoy Marks.

    E.    The Kellytoy Marks are customarily used on goods that have different price points than the goods bearing the Ty Marks.

NOW, THEREFORE, in view of the mutual covenants contained herein, it is agreed as follows:

    1.    Kellytoy shall not make use of the term "BEANIE", in any form or phonetic

equivalent, as a name or mark from the date of execution of this Agreement by both parties hereto, so long as Ty has not abandoned all of its right, title and interest in or to every mark it owns having the word BEANIE as a part thereof. Kellytoy shall not file applications to register any marks incorporating the term BEANIE, in any form or phonetic equivalent, so long as Ty has not abandoned all of its right, title and interest in or to every mark it owns having the word BEANIE as a part thereof. Kellytoy may, however, make use of the word "BEAN," in any form or spelling not inconsistent with the foregoing.

    2. Ty consents to the use and registration by Kellytoy of the Kellytoy Marks. Ty specifically agrees that it will not object to, oppose registration of, nor cancel any registration of the Kellytoy Marks.

    3. Ty shall not use or seek to register the term "BEANPAL" in any form or phonetic equivalent (including but not limited to "BEANIE PAL") as a name or mark from the date of execution of this Agreement by both parties hereto, so long as Kellytoy has not abandoned all of its right, title and interest in or to every mark it owns having the word BEANPAL as a part thereof. Ty shall not file applications to register any BEANPAL marks, in any form or phonetic equivalent or any mark incorporating both the word "Bean" and the word "Pal", so long as Kellytoy has not abandoned all of its right, title and interest in or to every mark it owns having the word BEANPAL as a part thereof.

    4. Kellytoy consents to the use and registration by Ty of the Ty Marks. Kellytoy specifically agrees that it will not object to, oppose registration of, nor cancel any registration of the Ty Marks.

    5. Upon execution of this Agreement by the two parties, each party may

submit this Agreement to the Trademark Office of any country to traverse the citation of the parties' respective marks as a reference against the other party's application(s).

6. Ty expressly releases Kellytoy and its customers from any liability for infringement of Ty Marks based on past use or display of the marks set forth in Appendix B for plush toys animals manufactured, distributed, or sold by Kellytoy prior to the date of this Agreement.

7. Kellytoy expressly releases Ty and its customers from any liability for infringement of Kellytoy Marks based on past use or display of the marks set forth in Appendix A for plush toys manufactured, distributed or sold by Ty prior to the date of this Agreement.

8. The parties warrant that they, and all entities in which they have an interest, shall comply with the terms of this Agreement.

9. Upon execution of this Agreement by the two parties, Kellytoy shall, within seven (7) days, file with the U.S. Patent and Trademark Office its voluntarily abandonment of U.S. trademark application Serial No. 75/304,245, for the mark BEANY PETS.

10. Upon execution of this Agreement by the two parties, Ty shall, within seven (7) days, voluntarily withdraw with prejudice its Opposition Nos. 105,741, 108,560, 111,282, and 112,198.

11. This Agreement shall be binding upon the parties, their successors in interest, their assigns and licensees. Nothing herein shall be construed to preclude either of the parties from licensing their respective marks referenced herein.

12. The parties agree that should there be a breach of this Agreement, this Agreement may be specifically enforced. However, in the event that one of the parties determines

that the other party has breached this Agreement, the complaining party must first provide the alleged breaching party thirty (30) days written notice, from receipt of such notice, in which to cure any such alleged breach, prior to seeking judicial intervention.

13. All notices and other communications required or desired to be sent by either party hereunder shall be sent registered or certified mail or delivered by hand to the addresses for the respective parties set forth above.

14. This Agreement shall be applicable throughout the world.

15. This is the entire Agreement among the parties and any prior oral agreements are merged herein.

16. The parties hereto agree that the individuals executing this Agreement for each party have the requisite authority to bind the party for whom they are executing the Agreement.

17. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

C:\WINDOWS\TEMP\AGREEMENT - CLEAN 21.DOCC:\WORK\TY\OPPOSITIONS\KH-LA\TOY-ITSY-BEANPALS OPP\AGREEMENT - REDLINED 2.DOC

6

that the other party has breached this Agreement, the complaining party must first provide the alleged breaching party thirty (30) days written notice, from receipt of such notice, in which to cure any such alleged breach, prior to seeking judicial intervention.

13. All notices and other communications required or desired to be sent by either party hereunder shall be sent registered or certified mail or delivered by hand to the addresses for the respective parties set forth above.

14. This Agreement shall be applicable throughout the world.

15. This is the entire Agreement among the parties and any prior oral agreements are merged herein.

16. The parties hereto agree that the individuals executing this Agreement for each party have the requisite authority to bind the party for whom they are executing the Agreement.

17. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

18. Should any provision of this Agreement be held to be void, invalid, unenforceable or illegal by a court of competent jurisdiction, such provision shall be enforceable to the fullest extent permitted by applicable law, and the validity and enforceability of the other provisions of this Agreement shall not be effected thereby.

KELLYTOY (USA), INC.

Dated: November 22, 1999         By _____
                                    David S. Kelly
                                    President

TY INC.

Dated: November 29, 1999         By _____
                                    H. Ty Warner
                                    President

# APPENDIX A

BEANPALS

BEANPAL

BEANPAL BABIES

BEANPETS

BEANPET

BENDY BABIES

ITSY BITSY TEENY WEENY LITTLE POCKET BEANPAL BABIES

ITSY BITSY TEENY WEENY LITTLE POCKET BEANPAL BABY

ITSY BITSY TEENY WEENY LITTLE MINI BEANPAL BABIES

POCKET BEANPALS

BEANS-TALK

JELLY BEANPALS

CANDY BEANPALS

HOTSY SPOTSY BEANPALS

THESE BABIES ARE HOT! ADOPT THEM ALL

THEY'RE NOT ALL BEANS

TED-E-BEANS

## APPENDIX B

BEANIE BABIES

BEANIE BABY

THE BEANIE BABIES COLLECTION

BEANIES

BEANIE

BEANIE BABIES OFFICIAL CLUB

TEENIE BEANIE BABIES

BEANIE BUDDIES

BEANIE BUDDIES COLLECTION

BEAN E BABY

BEAN E BABIES

BEAN E BUDDY

BEAN E BUDDIES

BEAN E BEARS

E BEANIES

E BEANIE

ORIGINAL BEANIE BABY

ORIGINAL BEANIE BUDDY

BEANIE CONNECTION