UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KELLYTOY WORLDWIDE, INC. and KELLYTOY (USA), INC., | ) ) ) | |
| | ) | 20 C 748 |
| Plaintiffs, | ) ) | Judge Gary Feinerman |
| vs. | ) ) | |
| TY, INC. and DOES 1-10, | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Kellytoy Worldwide, Inc. and Kellytoy (USA), Inc. (together, "Kellytoy") bring trademark and trade dress claims against Ty, Inc. under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Illinois law. Doc. 69. The court recently denied Kellytoy's motion for a preliminary injunction on claims relating to its Squishmallows plush toy line. Docs. 95-96 (reported at 2020 WL 5026255 (N.D. Ill. Aug. 25, 2020)). Now before the court is Ty's motion under Civil Rule 12(b)(6) to dismiss those claims. Doc. 72. The motion is denied.

A threshold question concerns the materials the court should consider in addressing Ty's motion. Typically, in resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court also typically considers "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in the brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). Here, though, there is an additional set of

materials potentially available to the court: the exhibits submitted by Kellytoy in support of its preliminary injunction motion. Docs. 20-24, 26-28. The court will consider those materials because it would make little sense not to.

The court already considered Kellytoy's exhibits in its opinion denying Kellytoy's preliminary injunction motion. 2020 WL 5026255, at *1-9. In resolving that motion, the court had to decide whether Kellytoy had some likelihood of succeeding on the merits of its Squishmallows-related claims. *Id*. at *2; *see Valencia v. City of Springfield*, 883 F.3d 959, 965 (7th Cir. 2018) ("[A] party seeking a preliminary injunction … must show that … its claim has some likelihood of succeeding on the merits.") (internal quotation marks omitted). The court concluded, after considering the parties' evidentiary submissions, that "Kellytoy has shown some, but not a substantial, likelihood that it has claimed a valid trade dress" in the Squishmallows. 2020 WL 5026255, at *5. The court also addressed functionality, concluding that "Kellytoy has demonstrated some chance of success in showing that its asserted trade dress is nonfunctional." *Id*. at *5-7. And the court found as well that Kellytoy had at least some chance "of success of establishing likelihood of confusion." *Id*. at *7-9. In sum, the court held that Kellytoy had "'"at least" a negligible chance of success on the merits' of its [Squishmallows-related] claim[s]." *Id*. at *9 (quoting *D.U. v. Rhoades*, 825 F.3d 331, 338 (7th Cir. 2016)).

Having recognized that Kellytoy had some likelihood of success on its Squishmallows-related claims, it would be odd for the court now to close its eyes to the evidence it considered in reaching that conclusion and to hold, without considering that evidence, that those claims fail as a matter of law. Moreover, if the court granted Ty's motion to dismiss, it would give Kellytoy an opportunity to amend, *see Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*,

786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily, … a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend … ."), and Kellytoy then would file an amended complaint and attach its preliminary injunction exhibits either to that complaint or to its brief opposing Ty's motion to dismiss, *see Phillips*, 714 F.3d at 1020. And the court's preliminary injunction opinion provides a blueprint for how Kellytoy can marshal those exhibits to state potentially viable claims. Sending this suit on that trajectory would be a pointless waste of judicial and party resources.

Ty's motion to dismiss asserts two flaws with Kellytoy's Squishmallows-related claims. First, Ty argues, the Squishmallows' trade dress is not articulated with sufficient particularity, both because the operative complaint's description of the trade dress is too vague and because the claimed trade dress is not used consistently. Doc. 72 at 4-12. Second, Ty argues that the complaint does not allege facts supporting the conclusion that the Squishmallows' trade dress has acquired secondary meaning. *Id*. at 12-15. The court rejected both arguments in its preliminary injunction opinion. As to the first, the court held that Kellytoy had properly pleaded trade dress protection for a subset of its products and that, "[w]hen read in the light of the images of the Squishmallows toys at issue, the court [could not] say that Kellytoy's description fails to put Ty on notice of the contours of its claimed trade dress." 2020 WL 5026255, at *3. As to the second, the court held that Kellytoy had "establish[ed] some … likelihood of showing that the Squishmallows trade dress has acquired a secondary meaning." *Id*. at *3-5.

The court adheres to those conclusions, which doom the arguments set forth in Ty's Rule 12(b)(6) motion. Ty shall answer the operative complaint by October 19, 2020.

October 5, 2020

_____

United States District Judge

3