UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KELLYTOY WORLDWIDE, INC. and KELLYTOY (USA), INC., | ) ) ) | |
| | ) | 20 C 748 |
| Plaintiffs, | ) | |
| | ) | Judge Gary Feinerman |
| vs. | ) | |
| | ) | |
| TY, INC. and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Kellytoy Worldwide, Inc. and Kellytoy (USA), Inc. bring trademark and trade dress claims against Ty, Inc. under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and Illinois law. Doc. 69. The operative (first amended) complaint alleges that Kellytoy (USA) is the owner of the federally registered PUFFY trademark, and that Kellytoy Worldwide is the owner of the federally registered SQUISHMALLOW trademark and the Squishmallow toy line's trade dress. *Id*. at ¶¶ 23-54. Before the court is Plaintiffs' motion under Civil Rule 20(a)(1) to join Kelly Toys Holdings, LLC, as a party plaintiff. Doc. 77. The motion is granted.

Rule 20(a)(1) states: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). In seeking to join Kelly Toys Holdings, Plaintiffs report that "[a]t the time of the [initial] Complaint," the above-referenced trademark and trade dress rights were split between Kellytoy (USA) and Kellytoy Worldwide, but that "[a]fter the Complaint was filed, Kelly Toys Holdings, LLC acquired all right, title and interest to all th[is] intellectual property." Doc. 77 at 1-2. In opposing Plaintiffs'

1

motion, Ty notes that the rights transfer occurred *before* Plaintiffs filed the operative complaint. Doc. 82 at 2-6. Given this, Ty argues that Kellytoy (USA) and Kellytoy Worldwide lack Article III standing, as they did not own those rights at the time they filed the operative complaint. *Id*. at 6-10. And Ty adds that "[s]uch a lack of standing is jurisdictional and cannot be cured by simply adding a party that may have proper standing." *Id*. at 6.

Ty is mistaken. The question of standing looks to the state of affairs at the suit's commencement. *See Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 830 (7th Cir. 1999) ("Because standing goes to the jurisdiction of a federal court to hear a particular case, it must exist at the commencement of the suit."). No one disputes that Kellytoy (USA) and Kellytoy Worldwide had standing on January 31, 2020, when they filed their initial complaint, because at that point they owned all the asserted trademark and trade dress rights. Thus, if there is any jurisdictional problem, it is one of mootness, not standing. *See Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs*, 708 F.3d 921, 928 (7th Cir. 2013) ("[I]t is critical to distinguish between mootness and standing. Standing is evaluated at the time suit is filed. In contrast, '[w]hen a party with standing at the inception of the litigation loses it due to intervening events, the inquiry is really one of mootness.'") (second alteration in original) (citations omitted) (quoting *Parvati Corp. v. City of Oak Forest*, 630 F.3d 512, 516 (7th Cir. 2010)).

To the extent the complaint seeks damages, the fact that Kellytoy (USA) and Kellytoy Worldwide have transferred their interests in the trademark and trade dress rights is irrelevant, as they would still be entitled to recover for damages incurred before the transfer. *See Parker v. Franklin Cnty. Cmty. Sch. Corp.*, 667 F.3d 910, 915 (7th Cir. 2012) (holding that a change in circumstances did not render moot the plaintiff's damages claim even though it did moot her injunctive claims). But there could be a mootness problem to the extent the complaint seeks

2

injunctive relief, as Kellytoy (USA) and Kellytoy Worldwide no longer own those rights. *See Johnson v. U.S. Office of Pers. Mgmt.*, 783 F.3d 655, 661 (7th Cir. 2015) ("[A] plaintiff must demonstrate standing for each claim he seeks to press.") (alteration in original) (quoting *Davis v. FEC*, 554 U.S. 724, 734 (2008)).

There is a simple solution to that "problem": add the current rightsholder as a plaintiff, just as Plaintiffs seek to do. Their proposed method of doing so is under Rule 20(a), which governs permissive joinder. Ty contends that joinder is improper because the three Kellytoy entities do not "assert any right to relief jointly, severally, or in the alternative." Fed. R. Civ. P. 20(a)(1)(A); *see* Doc. 82 at 10. Not so—they do. Take the PUFFY mark, for instance: if Plaintiffs can show infringement, Kellytoy (USA) and Kelly Toys Holdings will be entitled to a single judgment, entered in their joint favor.

Another way to solve the problem would be to invoke Rule 25(c), which states: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). It would make little practical difference whether the transferee (here, Kelly Toys Holdings) were *added* as a plaintiff or *replaced* the existing plaintiffs. "The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party … even though the successor is not named. An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation. The court, if it sees fit, may allow the transferee to be substituted for the transferor. It also is free, if it wishes, to retain the transferor as a party and to order that the transferee be made an additional party." 7C Charles A. Wright *et al.*, *Federal Practice and Procedure* § 1958 (West

3d ed. 2020) (footnotes omitted); *see Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985) (quoting this language from Wright & Miller)).

In the end, joinder and substitution are routes to the same practical destination, and there is nothing problematic with Plaintiffs' requested route of joining Kelly Toys Holdings as a third plaintiff under Rule 20. Their motion to join Kelly Toys Holdings a new plaintiff is therefore granted. Plaintiffs shall file their second amended complaint, adding Kelly Toys Holdings as a plaintiff, by October 21, 2020.

October 14, 2020

_____

United States District Judge

4